UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE HANOVER AMERICAN INSURANCE COMPANY, | * * * | CIVIL ACTION NO: 6:21-cv-01610-RRS-CBW |
| Plaintiff | * | JUDGE: ROBERT R. SUMMERHAYS |
| versus | * * | |
| EDUARDO JENKINS LANDSCAPE ARCHITECT & PLANNER, LLC, EDUARDO JENKINS, WILLIAM THOMAS FORLANDER, JO ANN FORLANDER | * * * * * * | MAGISTRATE: CAROL B. WHITEHURST LAFAYETTE DIVISION |
| Defendants | * | |

* * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF DEFENDANT'S 12(b)(1) MOTION TO DISMISS**

Defendants William Thomas Forlander and Jo Ann Forlander (the "Forlanders") provide this memorandum in support of their motion to dismiss the complaint for declaratory judgment filed by plaintiff The Hanover American Insurance Company ("Hanover")[1] or, in the alternative, to stay the case pending resolution of a state-court matter. Counsel for co-defendants Eduardo Jenkins and Eduardo Jenkins Landscape Architect & Planner, LLC consent to this motion.

**I.   INTRODUCTION**

Hanover filed this declaratory judgment action against its policyholder Eduardo Jenkins Landscape Architect & Planner, LLC and Eduardo Jenkins (collectively, "Jenkins") and the Forlanders. The defendants are the parties in state-court litigation concerning Jenkins's defective and incomplete work on the Forlanders' backyard project. Hanover has been providing a defense

---

[1]   Rec. Doc. 1.

for Jenkins in the state action since 2019. But now—more than two years into that state-court litigation—Hanover has sued all of the state-court parties here, in federal court, to obtain a declaration that it does not owe insurance coverage to Jenkins or his LLC after all. In turn, the Forlanders amended their state-court petition to name Hanover as a defendant under Louisiana's direct-action statute so that the related coverage issue can be decided in state court.

The Court should exercise its discretion to abstain from hearing this case under Fed. R. Civ. Pro. 12(b)(1). Federal courts may decline to exercise jurisdiction over a declaratory judgment action under the Supreme Court's *Wilton* decision and the seven factors set forth by the Fifth Circuit in *Trejo*. Those factors weigh heavily in favor of abstaining from hearing this case and, instead, permitting the state court to resolve the overlapping factual and state-law disputes. Litigating the same fact questions and legal issues in the long-pending state-court case best serves judicial economy.

In light of the Court's abstention powers, the Forlanders respectfully ask that the Court dismiss Hanover's claim for a declaratory judgment without prejudice or, in the alternative, stay and administratively close this case pending resolution of the state-court matter.

## II. BACKGROUND

As alleged by Hanover in its complaint, the Forlanders sued Jenkins in May 2019 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] The Forlanders seek damages because they paid Jenkins more than $237,000 to design and build a backyard project but had to hire another contractor to complete the project and address damages caused by Jenkins'

---

[2] Rec. Doc. 1 at ¶ 10. Hanover attaches the Forlanders' state-court petition as Exhibit D to its complaint (Rec. Doc. 1-5).

faulty work.³

Hanover alleges that it sold insurance policies to Eduardo Jenkins Landscape Architect & Planner, LLC.⁴ Jenkins submitted a claim to Hanover under the policies regarding the Forlanders' lawsuit in May 2019.⁵ Hanover then began defending Jenkins in the state-court case.⁶ But Hanover now seeks a declaratory judgment that there is no coverage under the policies it sold to Jenkins and that it has no duty to defend or indemnify Jenkins for any liability in the state-court litigation.⁷

Contemporaneously with the filing of this motion, the Forlanders amended their state-court petition to add Hanover as a defendant under Louisiana's direct-action statute.⁸ Counsel for Jenkins consented to the motion. Consequently, the parties in this action are the same parties to the first-filed state-court case, where all of the issues can be decided. The Forlanders now ask that this Court abstain from hearing the declaratory judgment case so that the entire dispute can be resolved in the original state-court litigation, pending since 2019.

### III.   LAW AND ARGUMENT

    **A.   District courts in the Fifth Circuit weigh seven factors in determining whether to exercise jurisdiction over declaratory judgment actions.**

Federal courts enjoy discretion in determining whether to exercise jurisdiction over cases brought under the Declaratory Judgment Act.⁹ "*Brillhart* makes clear that district courts possess

---

| | |
|---|---|
| 3 | Rec. Doc. 1 at ¶12. |
| 4 | Rec. Doc. 1 at ¶¶ 8, 20. |
| 5 | Rec. Doc. 1 at ¶ 17. |
| 6 | Rec. Doc. 1 at ¶ 18. |
| 7 | Red. Doc. 1 at ¶ 31. |
| 8 | Exhibit A, the Forlanders' first amended and supplemental petition in the state-court case. |
| 9 | 22 U.S.C. § 2201(a). |

discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."[10] The Fifth Circuit has identified seven factors to be weighed in making this determination: "This Court uses the nonexclusive factors listed in *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), to 'guide a district court's exercise of discretion to accept or decline jurisdiction over a declaratory judgment suit.'"[11] These factors are:

> "1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,
>
> 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,
>
> 3) whether the plaintiff engaged in forum shopping in bringing the suit,
>
> 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist,
>
> 5) whether the federal court is a convenient forum for the parties and witnesses, ...
>
> 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy," and ...
>
> [7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending."[12]

Although these factors are nonexclusive, district courts must consider all of them in determining

---

[10] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 2140 (1995) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173 (1942)).

[11] *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 Fed. Appx. 159, 164 (5th Cir. 2015) (quoting *Sherwin–Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 390 (5th Cir. 2003)).

[12] *Id.* (quoting *Trejo*, 39 F.3d at 590–91 and *Travelers Ins. Co. v. La. Farm Bureau Fed'n*, 996 F.2d 774, 778 (5th Cir. 1993)).

whether to exercise jurisdiction over a declaratory judgment action.[13] In short, if the federal declaratory judgment action raises only issues of state law, and if a state case involving the same state-law issues is pending, then generally the state court should decide the case.[14]

### B. The *Trejo* factors call for a dismissal or stay of Hanover's declaratory judgment action because all of the matters in controversy can be fully resolved in the pending state-court case.

Applied here, the *Trejo* factors dictate that the issues raised in this action should be litigated in the pending state-court case. This declaratory judgment action concerns the same fact disputes and legal questions that can be completely resolved in the pending state-court case. Litigating these matters separately would be wholly inefficient to the parties and a great, unnecessary waste of judicial resources. Moreover, Hanover has been involved in this dispute since 2019 and should not be rewarded for its belated forum-shopping when it could easily have intervened in state court where the parties were already litigating. Each *Trejo* factor is analyzed below.

#### 1. There is a pending state-court action in which all matters in controversy here can be fully litigated.

The parties in this case are identical to the parties to the state-court action, which has been pending since 2019. As a result, all of the matters in controversy in this case may be fully litigated in the state-court case. In particular, the state-court matter will resolve whether the Forlander suffered any "physical property damage to anything other than Jenkins' own improper and/or

---

[13]  *Id.* at 165 ("Although this Court has often held a district court abuses its discretion by failing to address the *Trejo* factors, no case has so held when the district court lists all of the factors and expressly applies most of them.").

[14]  *Sherwin–Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 390-91 (5th Cir. 2003) ("Each circuit's test emphasizes that if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit.").

deficient work" or "resultant damage to physical property other than Jenkins' own improper and/or deficient work" at the time of installation, which Hanover identifies as determinative of coverage.[15] And the Forlanders have now made a claim against Hanover for insurance coverage under Louisiana's direct-action statute, raising the very issue Hanover seeks to resolve here.

The state court case involves discovery, depositions, and experts examining the extent and causes of the issues the Forlanders experienced in their backyard and whether Hanover's policies cover these losses. These are the very same issues Hanover raises in its complaint before this Court. It would be needlessly duplicative to litigate these issues twice, in two separate cases. This factor weighs strongly in favor of a dismissal or stay.

### 2. While Hanover did not file this suit in anticipation of a lawsuit by Jenkins or the Forlanders, it could have intervened in the state case.

To Hanover's credit, it apparently began providing a defense to Jenkins from the outset of the Forlanders' lawsuit. Thus, Hanover likely did not file this action in anticipation of litigation. But while this factor may not counsel in favor of abstention, it does not counsel in favor of exercising jurisdiction, either, because Hanover has long known of the state-court action but laid in wait for two years before initiating this case.

### 3. Hanover engaged in forum shopping by filing its action.

Hanover has provided Jenkins with a defense to the state-court action since its 2019 inception and thus was well aware of that case. Yet Hanover sued all of the state-court parties in a *new* litigation (this one) in a *new* forum (federal court) and in new location (Lafayette) rather than simply intervening in the pending case. Both cases concern overlapping facts and state-law issues.

---

[15] Rec. Doc. 1 at ¶¶ 34, 52.

The only apparent explanation for this duplicative effort is Hanover's forum shopping. This factor weighs strongly in favor of a dismissal.

### 4. Possible inequities caused by allowing Hanover to gain precedence in time or change forum are probably insignificant.

While the Forlanders may suffer certain inequities if the declaratory judgment action is permitted to proceed in a different forum than they selected, this factor is likely neutral.

### 5. Federal court is equally convenient as the state court forum.

The Forlanders reside closer to this Court, but Jenkins is located in the Nineteenth Judicial District in Baton Rouge, where the state case is pending. This factor is neutral.

### 6. Dismissing the declaratory judgment action would serve the purposes of judicial economy.

The factual and legal matters in controversy here will be decided in state court. What damages the Forlanders suffered, who caused them, how they were caused, and whether there is insurance coverage for the losses are at issue—and will be decided—in the pending state case. Yet these are the same disputes among identical parties that Hanover raises here in federal court.

The Forlanders will show in state court (1) that Jenkins and his subcontractors performed incomplete and faulty work and (2) that this work damaged the Forlanders' property and required expensive repairs. The Forlanders will also show that the Hanover insurance policies sold to Jenkins provide them with coverage for those losses via the Louisiana direct-action statute under the state-law rules of contract interpretation. Discovering the same evidence, resolving the same factual disputes, and deciding the same legal issues twice, in two different forums, would waste judicial resources and could lead to inconsistent results.

Because the same fact and state-law questions are raised in two cases, judicial economy demands that only one court decide them. The parties should engage in one proceeding with one course of discovery, motions, and trial. These intertwined matters should not be litigated twice before two fact-finders when all of the matters can be resolved in the pending state-court action. This factor weighs strongly in favor of dismissal or stay.

      **7.**     **And there is no state judicial decree to be construed by the federal court.**

No state judicial decree is at issue, so this factor is not applicable and is therefore neutral.

**C.**    **Courts routinely dismiss or stay declaratory judgment actions brought by insurers seeking to avoid coverage obligations arising from pending state cases.**

Courts frequently dismiss or stay declaratory judgment actions filed by insurers in similar circumstances. For example, in *Great American Ins. Co. v. Cumberland Inv. Group, LLC*, the court granted a motion to close and stay an insurer's action for a declaratory judgment that it did not owe coverage to its policyholder, a construction contractor, for damages caused during a construction project.[16] Like the instant case, the plaintiff homeowners had already initiated state-court litigation when the insurer later made all of the state-court parties defendants in its federal-court declaratory judgment action. Similarly, the construction contractor made a third-party demand against the insurer in state court after the federal action was filed. The court emphasized that all of the issues could be resolved in the state court case: "Notably, whether there is a pending state action in which all the matters in the controversy can be fully litigated is of paramount concern."[17] In weighing the

---

[16]    CIV.A. 13-4763, 2013 WL 5755641 (E.D. La. Oct. 23, 2013).

[17]    *Id*. at *3 (citing *See Amer. Fidelity Ins. Co. v. Acadian Geophysical Services, Inc.*, 1997 WL 786233 (E.D. La. Dec. 18, 1997)). The court elaborated, "It is well recognized that unnecessary interference with state court litigation should be avoided. Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d § 2758." *Id*.

*Trejo* factors, the court found the state court case would resolve the same issues among the same parties. The Court determined the insurer knew about the state-court case and had no legitimate reason to bring its action in federal court, duplicating judicial efforts.[18] "Great American can raise an affirmative defense of non-coverage in the pending state court action, but the Declaratory Judgment Act is not to be used to litigate a possible state-court affirmative defense in federal court."[19] The court abstained from exercising jurisdiction.

In nearly identical circumstances, the court in *Princeton Excess & Surplus Lines Ins. Co. v. Mehendi LLC* dismissed an insurer's declaratory judgment action on abstention grounds.[20] The plaintiff sued a policyholder hotel in state court for damages caused by a hotel employee. The hotel's insurer then sought a declaratory judgment avoiding coverage in federal court. The court reasoned that the insurer's federal case sought a decision under state law that could easily be decided in the state-court case. Notably, in declining jurisdiction, the court found that it did not matter that the insurer was sued in state court after it filed its declaratory judgment suit.[21]

Here, Hanover seeks a coverage decision governed by state law related to claims pending in a state-court litigation involving the same facts. The matters in controversy here can be decided by the state court, requiring only one round of discovery, depositions, motion practice, and trial. Nothing about Hanover's action justifies the duplication of judicial efforts, the cost of litigating

---

[18]   *Id*. at *4.

[19]   *Id*. at *4.

[20]   CIV.A. 13-0955, 2014 WL 782832 (W.D. La. Feb. 24, 2014).

[21]   *Id*. at *2. ("The court does not find controlling the fact that [plaintiff] failed to officially name [insurer] as a defendant in the state court proceeding until after the declaratory judgment complaint was filed.").

9

two cases to the parties, the involvement of a federal court in a state-law matter, or the apparent attempt to forum shop when the Forlanders had already chosen a forum to decide this dispute.

## IV. CONCLUSION

The pending state case will resolve the fact disputes and state-law issues raised by Hanover's complaint. Hanover's action would be inefficient and waste judicial resources. The *Trejo* factors favor a dismissal. The Court should grant this motion and dismiss Hanover's claims or, in the alternative, stay the case pending the resolution of the state-court matter.

Respectfully submitted,

/s/ Brandon C. Briscoe
Harold J. Flanagan (#24091)
Sean P. Brady (#30410) (T.A.)
Brandon C. Briscoe (#29542)
FLANAGAN PARTNERS LLP
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170
Telephone: (504) 569-0235
Facsimile: (504) 592-0251

Attorneys for Tom and Jo Ann Forlander

## CERTIFICATE OF SERVICE

I certify that a copy of this pleading was served upon counsel of record this 24th day of August, 2021, by filing it into the CM/ECF system. I further certify that the pleading was sent by U.S. mail to the last known address of Eduardo Jenkins and Eduardo Jenkins Landscape Architect & Planner, LLC and emailed to counsel representing them.

/s/ Brandon C. Briscoe