# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | | |
|---|---|---|
| THE HANOVER AMERICAN INSURANCE COMPANY, | * | CIVIL ACTION NO.: 6:21-cv-01610 |
| Plaintiff, | * | |
| vs. | * | |
| | * | JUDGE:  ROBERT R. SUMMERHAYS |
| EDUARDO JENKINS LANDSCAPE ARCHITECT & PLANNER, LLC, EDUARDO JENKINS, WILLIAM THOMAS FORLANDER, JO ANN FORLANDER | * | |
| | * | MAGISTRATE JUDGE: |
| | * | CAROLD B. WHITEHURST |
| Defendants. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |

## THE HANOVER AMERICAN INSURANCE COMPANY'S OPPOSITION TO WILLIAM THOMAS AND JO ANN FORLANDER'S MOTION TO DISMISS

Respectfully Submitted:

*/s/Abigail F. Gerrity*_____
**Kristopher T. Wilson, Bar #23978 (T.A.)
Abigail F. Gerrity, Bar #35777
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990/Facsimile: 504-310-9195
Email: kwilson@lawla.com
        agerrity@lawla.com
**Attorneys for The Hanover American Insurance Company**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.............................................................................................. ii

TABLE OF AUTHORITIES ...................................................................................... iii

INTRODUCTION ........................................................................................................1

BACKGROUND ..........................................................................................................1

LAW AND ARGUMENT ............................................................................................2

    **1.**  Whether There is A Pending State Action In Which All Of The Matters In Controversy May Be Fully Litigated................................................................................6

    **2.**  Whether Suit Was Filed in Anticipation Of A Lawsuit By Defendant. ...............................8

    **3.**  Whether The Plaintiff Engaged In Forum Shopping. .......................................................10

    **4.**  Whether Inequities Result in Allowing Declaratory Plaintiff To Gain Precedence In Time. ...............................................................................14

    **5**.  Whether The Federal Court Is a Convenient Forum...........................................................15

    **6**.  Whether Retaining the Lawsuit in Federal Court Would Serve the Purposes of Judicial Economy. ....................................................................16

    **7**.  Whether The Federal Court Is Being Called On To Construe a State Judicial Decree Involving The Same Parties And Entered By the Court Before Which The Parallel Proceeding Is Pending........................................................17

CONCLUSION.............................................................................................................18

# **TABLE OF AUTHORITIES**

## **CASES**

*ACandS, Inc. v. Aetna Cas. & Sur. Co.,* 666 F.2d 819 (3rd Cir. 1981) .........................................16

*Agora Syndicate v. Robinson Janitorial Specialists, Inc.,* 149 F.3d 371 (5th Cir. 1998) ...........6, 15

*Aries Marine Corp. v. Lolly,* 2006 WL 681184 (W.D. La. 2006)  ...................................... 2, 10-11

*AXA Re Property & Cas. Ins. Co. v. Day,* 162 Fed. Appx. 316 (5th Cir. 2006).................... 7, 9-12

*Canal Ins. Co. v. XMEX Transport, LLC,* 1 F.Supp.3d 516 (W.D. Tex. 2014)...................... 10-11

*Cacamo v. Liberty Mut. Fire Ins. Co.*, 1999-3479 (La. 6/30/00), 764 So. 2d 41 ...........................5

*Celestine v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 115 F. App'x 658 (5th Cir. 2004)........15

*Colorado River Water Conservation Dist. v. United States,* 424 U.S. 80096 S.Ct. 1236 (1976)....3

*Continental Cas. Co. v. Smith, et al.,* 243 F.Supp.2d 576 (E.D. La. 2003) ...................................12

*Federal Insurance Co. v. Southwest Materials, Inc.,* 2003 WL 21634945 (E.D. La. 2003)  ...... 6-7

*First Specialty Ins. Co. v. Arkel Sugar, Inc., et al.,* 2008 WL 762079 (W.D. La. 2008) ........12, 14

*Granite ins. Co. v. Tandy Corp.,* 986 F.2d 94, 95 (5th Cir. 1993)....................................................3

*Hartford Cas. Ins. Co. v. Arkansas, Louisiana, & Mississippi Pipe Trades Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the U.S. & Canada*, No. 1:10-CV-667, 2011 WL 1211518 (W.D. La. Mar. 30, 2011) .........................................................................7

*Hudson Specialty Ins. Co. v. King Investments of Louisiana, Inc.,* 2014 WL 108402 at *4 (E.D. La. 2014).................................................................................................................... 14

*Indian Harbor Ins. Co. v. Bestcomp, Inc., et al.,* 2011 WL 13213611 (E.D. La. 2011).............. 12

*Ironshore Specialty Ins. Co. v. Tractor Supply Co.,* 624 F. App'x 159 (5th Cir. 2015) ................ 8

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941)  ................................................9

*Massachusetts Bay Ins. Co. v. Usie,* 2018 WL 1834368 (W.D. La. 3/26/18) .................. 11-14, 16

*McDermott Inc. v. Industrial Risk Ins.,* 2003 WL 21362330 (E.D. La. 2003)  .............................6

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ...........................................................9

*Mendiola v. Hart,* 561 F.2d 1207 (5th Cir. 1977)..........................................................2-4

*Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599 (5th Cir. 1983) ....................13

*Moses H. Cone Memorial Hospital v. Mercury Constr. Co.,* 460 U.S. 1 (1983)..............................3

*Nautilus Ins. Co. v. Curtis Indus. Painting Co., Inc.,* 1998 WL 199372 (E.D. La. 1998)... 6, 15-16

*Nautilus Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d 371, 376 (4th Cir. 1994) ...........................16

*PPG Industries, Inc. v. Continental Oil Co.,* 478 F.2d 674 (5th Cir. 1973)  ...................................4

*QBE Specialty Ins. Co. v. Commcare Louisiana,* 2011 WL 1496032 at *3 (W.D. La. 2011).......13

*QBE Syndicate 1036 v. Compass Mins. Louisiana Inc.,* No. 6:20-CV-00554, 2020 WL 9219076 (W.D. La. Nov. 13, 2020). .....................................................................................10

*Randall v. Lloyd's Underwriters at London,* 602 So.2d 790 (La. App. 4 Cir. 1992)  ....................5

*Republickbank Dallas, National Ass'n v. McIntosh,* 828 F.2d 1120 (5th Cir. 1987) .................3-4

*Sherwin-Williams Company v. Holmes County,* 343 F.3d 383 (5th Cir. 2003)  .....................2,8-13

*St. Paul Ins. Co. v. Trejo,* 39 F.3d 585 (5th Cir. 1994)................................................ 1, 3, 5, 7-8, 17

*Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.,* 996 F.2d 774 (5th Cir. 1993).........3, 15

## STATUTES, CODES, & ORDINANCES

28 U.S.C. § 2201........................................................................................................................9

La. R.S. 22:1269. .......................................................................................................................5

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, The Hanover American Insurance Company ("Hanover"), and files this Opposition to William Thomas and Jo Ann Forlander's (the "Forlanders") Rule 12(b)(1) Motion to Dismiss (Rec. Doc. 10).

## I.     INTRODUCTION

The Forlanders' Motion to Dismiss alleges that there are parallel actions because, on the very same day that they filed the present Motion to Dismiss, they filed an Amended Petition in a related state court action, asserting—for the first time—claims against Hanover pursuant to the Direct Action Statute.  The Forlanders' dilatory attempt to manufacturer a parallel action by naming Hanover as a defendant in the state court action—two months after Hanover filed this declaratory judgment action in federal court ("Declaratory Judgment Action")—does not warrant abstention.  Further, the state court suit is not parallel because Hanover and its insured, Eduardo Jenkins Landscape Architect & Planner, LLC, have not asserted any claims against each other in the state court action, and the issue of whether Hanover has any duty to defend the Jenkins defendants against the Forlanders' claims is not presently before the trial court. Moreover, concurrent with the filing of this Opposition in this Court, Hanover will be filing the Peremptory Exception of No Right of Action (attached hereto as Exhibit "A"), which the state court should grant and dismiss the Forlanders' claims against Hanover.  Accordingly, the *Trejo*[1] factors concerning abstention weigh in favor of maintaining this suit and denying the Forlanders' Motion to Dismiss.

---

[1] *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590 (5th Cir. 1994).

1

## II.      BACKGROUND

In May of 2019, the Forlanders sued Eduardo Jenkins Landscape Architect & Planner, LLC and Eduardo Jenkins individually (collectively "Jenkins") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge (the "State Court Action."), alleging that the Forlanders sustained damages when Jenkins failed to properly perform under a landscaping contract entered between the Forlanders and Jenkins.   Hanover denies that the insurance policy it issued to Eduardo Jenkins Landscape Architect & Planner, LLC provides coverage for the Forlanders' claims against Jenkins in the State Court Action, but nevertheless is providing a defense to Jenkins under a reservation of rights.

On June 11, 2021, **more than two years after** the State Court Action's commencement, Hanover[2] filed the instant Declaratory Judgment Action against the Forlanders and Jenkins, seeking a judgment declaring that it has no duty to provide coverage, and no duty to defend or indemnify Jenkins under the Policies with respect to the Forlanders' claims asserted against Jenkins in the State Court Action.  Then, on August 24, 2021, the Forlanders simultaneously filed (1) the instant Motion to Dismiss; and (2) an Amended Petition in the State Court Action, purportedly asserting claims against Hanover pursuant to the Louisiana Direct Action Statute.

Notably, Jenkins has not brought a claim against Hanover in the State Court Action; there is no claim in the State Court Action concerning whether Hanover owes Jenkins a duty of defense. That claim exists only in the Declaratory Judgment Action.

---

[2] Hanover issued business owners insurance policies to defendant, Eduardo Jenkins Landscape Architect & Planner, LLC, identified as the named insured, and bearing Policy No. OZO-D328948-00 with a policy period of July 30, 2017 to July 30, 2018, and Policy No. OZO-D328948-01 with a policy period of July 30, 2018 to July 30, 2019 (collectively the "Policies").

## III.    LAW AND ARGUMENT

At the outset, "the presence of a related state proceeding does not automatically require a district court to dismiss a federal declaratory judgment action." *Aries Marine Corp. v. Lolly,* 2006 WL 681184 at *3 (W.D. La. 2006), citing *Sherwin-Williams Company v. Holmes County,* 343 F.3d 383, 394 (5th Cir. 2003); *see also, Mendiola v. Hart,* 561 F.2d 1207, 1208 (5th Cir. 1977) ("[O]ur research discloses [no authority] that authorizes a district court to dismiss a diversity action solely on the ground that the claim could be litigated in the context of a pending state court action."). "Even in the instance of truly parallel cases, one pending in state and the other in federal court, … 'only the clearest of justifications' will warrant the federal court staying its hand." *Republickbank Dallas, National Ass'n v. McIntosh,* 828 F.2d 1120, 1121 (5th Cir. 1987), quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 819, 96 S.Ct. 1236, 1247 (1976).

As a result, a district court may not dismiss a declaratory judgment on "the basis of a whim or personal disinclination."[3]  In the case of a declaratory judgment action, when faced with ongoing parallel state litigation, a court sitting in the Fifth Circuit is required to balance the following seven, non-exclusive *Trejo* factors: [4]

> 1)  whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> 2)  whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> 3)  whether the plaintiff engaged in forum shopping in bringing the suit;

---

[3] *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590 (5th Cir. 1994), *citing Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.,* 996 F.2d 774, 778 (5th Cir. 1993).

[4] *See, Trejo,* 39 F.3d 585; *Louisiana Farm Bureau,* 996 F.2d 774.  The Fifth Circuit Court of Appeals has determined that the "exceptional circumstances" test set forth in *Colorado River Water Conservation District v. U.S.,* 424 U.S. 800 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Constr. Co.,* 460 U.S. 1 (1983), and upon which Barnett relies in part in his Motion, does not apply in pure declaratory judgment actions. *See, Granite ins. Co. v. Tandy Corp.,* 986 F.2d 94, 95 (5th Cir. 1993) (holding that the "*Moses H. Cone/Colorado River* factors…do not apply" in declaratory judgment actions) (citations omitted); *Louisiana Farm Bureau,* 996 F.2d at  778 ("This Court has made clear that the factors set out in *Colorado River*…are inapplicable in declaratory judgment actions.") (citations omitted).

4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

5) whether the federal court is a convenient forum for the parties and witnesses;

6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and

7) whether the federal court is being call on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[5]

As an initial matter, the State Court Action and Hanover's Declaratory Judgment Action are simply not parallel cases.  As defined by the Fifth Circuit, "parallel cases" are those "involving the same parties and same issues."[6]  It is not enough that the general subject matter of the two actions is the same or that the validity of an obligation is a common issue in the two suits if the remaining issues are distinct.[7]

Here, although the Forlanders have amended the State Court Action to add Hanover as a party defendant, Louisiana law provides that the Forlanders have no right of action against Hanover in the State Court Action. *See* Exhibit A. Upon the state court's granting of Hanover's Peremptory Exception, the only pending claims in the State Court Action will concern the Forlanders' allegations that Jenkins failed to adequately provide the contracted landscaping services; coverage for the Forlanders' claim will not be considered in the State Court Action.   And, even if the Peremptory Exception is denied, there is no pending claim in the State Court Action concerning whether Hanover owes a duty to defend Jenkins.

---

[5] *Trejo,* 39 F.3d at 590-91.

[6] *Republickbank Dallas, National Ass'n v. McIntosh,* 828 F.2d 1120, 1121 (5th Cir. 1987), *quoting PPG Industries, Inc. v. Continental Oil Co.,* 478 F.2d 674, 682 (5th Cir. 1973) and *Mendiola v. Hart,* 561 F.2d 1207, 1208 (5th Cir. 1977).

[7] *See McIntosh,* 828 F.2d at 1121.

In the instant Declaratory Judgment Action, however, Hanover seeks a declaration that it does not provide insurance coverage for the Forlanders' claims against Jenkins, nor does it have a duty to defend the Jenkins. Thus, the State Court Action and the instant Declaratory Judgment Action involve different issues and will involve different parties, and the actions are not parallel cases warranting this Court's consideration of abstention.

Nevertheless, even if this Court decides that a parallel action does in fact exist, the *Trejo* factors weigh in favor of this Court retaining jurisdiction.  Therefore, this Court should deny the Forlanders' Motion to Dismiss and alternative request to stay this matter.

1. **Whether There Is A Pending State Action In Which All Of The Matters In Controversy May Be Fully Litigated**

First and foremost, while the Forlanders filed an Amended Petition attempting to assert claims against Hanover pursuant to the Louisiana Direct Action Statute, the Forlanders do not have a right of action against Hanover because their claims are *ex contractu*, and the plain language of the Direct Action Statute, La. R.S. 22:1269, dictates that a party cannot maintain a claim based in contract against someone else's insurer.[8] These issues are fully addressed in Hanover's Peremptory Exception of No Right of Action in the State Court Action, which is attached as Exhibit "A."   As such, the Amended Petition naming Hanover as a party in the State Court Action is due to be dismissed, and therefore, the State Court Action and the instant Declaratory Judgment Action will not have identical parties or legal claims.

Second, regardless of the outcome of the Peremptory Exception, the State Court Action and the instant Declaratory Judgment Action do involve identical claims. The Declaratory

---

[8] *Randall v. Lloyd's Underwriters at London,* 602 So.2d 790, 791 (La. App. 4 Cir. 1992) ("It is a well-accepted principal in Louisiana jurisprudence that, absent a contrary statutory provision, actions *ex contractu* cannot be maintained against a party by an individual who is not party thereto."); *Cacamo v. Liberty Mut. Fire Ins. Co.*, 1999-3479 (La. 6/30/00), 764 So. 2d 41, 43 ("The Direct Action Statute . . .  was enacted to give special rights to tort victims, not to insureds with contract claims against a defendant.").

Judgment Action addresses, *inter alia*, whether Hanover owes a duty to defend Jenkins for the claims made against them by the Forlanders.  In contrast, there are no claims in the State Court Action addressing whether Hanover has a legal duty to defend the Jenkins defendants against the Forlanders' claims.

The Fifth Circuit and this Court have refused to relinquish federal jurisdiction over cases that do not present the precise issues pending before the state court.  *See, AXA Re Property & Cas. Ins. Co. v. Day,* 162 Fed. Appx. 316, 320 (5th Cir. 2006) ("The state-court action concerns whether Kinchen is liable for Walker's death, which is wholly distinct from the issue in this action: whether the AXA policy provides coverage and a corresponding duty to defend and/or indemnify Kinchen's estate.");  *McDermott Inc. v. Industrial Risk Ins.,* 2003 WL 21362330 at *2 (E.D. La. 2003) (underlying state court liability action and federal court declaratory judgment action to resolve coverage issues were not "parallel" proceedings even though there was "some overlap" in the issues to be resolved); *Agora Syndicate v. Robinson Janitorial Specialists, Inc.,* 149 F.3d 371, 373 (5th Cir. 1998) (district court abused its discretion in abstaining where "a state court decision on the issues of [the insured's] vicarious liability and negligent supervision/hiring would have no direct bearing on the insurance company's duty to defend and the scope of policy coverage"); *Nautilus Ins. Co. v. Curtis Indus. Painting Co., Inc.,* 1998 WL 199372 at *4 (E.D. La. 1998) ("[T]here is not a pending state action in which all of the matters in controversy may be fully litigated because the declaratory judgment action does not involve the same issues as the state causes of action.  The question raised in the declaratory judgment action is whether Nautilus is contractually obligated to defend and indemnify [its insured].  That issue is not directly raised in either of the two pending state actions.").

In *Federal Insurance Co. v. Southwest Materials, Inc.,* 2003 WL 21634945 at *3 (E.D. La. 2003), the court declined to dismiss the insurer's declaratory judgment action under analogous circumstances involving an insurer's duty to defend claim that was part of the federal court lawsuit, but not the state court action, explaining:

> In this case, the state and federal proceedings are not true parallel proceedings.  Although the necessary parties to the declaratory action are also parties in the state court proceedings, the state court proceedings will not resolve all of the issues involved in this suit. … **[W]hether [the insurer] has a duty to defend [its insured] has not been raised in the state court proceeding and resolution of the claims currently asserted in the state court proceeding will have no direct bearing on [the insurer's] duty to defend [the insured] against the claims asserted in the state court proceeding.**  Therefore, the state and federal proceedings are not truly parallel and abstention is not warranted.  (Bold added).

As in *Federal Insurance*, the issues presented here in the Declaratory Judgment Action and the State Court Action are *not* identical because the State Court Action will not resolve the issue of Hanover's duty to defend Jenkins.  Accordingly, the Declaratory Judgment Action and State Court Action are not parallel, and the first factor does not weigh in favor of abstention.

## 2.   Whether Suit Was Filed in Anticipation Of A Lawsuit By Defendant

The Fifth Circuit applies a "first-filed rule'" unless the plaintiff filed in anticipation of the defendant's filing.[9]  Thus, as demonstrated *infra*, the second *Trejo* factor weighs heavily in favor of maintenance of Hanover's Declaratory Judgment Action in this Court.

When Hanover filed the Declaratory Judgment Action, it was not a party to any other action involving the Forlanders' claims against Jenkins. Further, the Forlanders (and Jenkins) demonstrated no interest in litigating insurance coverage issues in the State Court Action; the

---

[9] *Hartford Cas. Ins. Co. v. Arkansas, Louisiana, & Mississippi Pipe Trades Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the U.S. & Canada*, No. 1:10-CV-667, 2011 WL 1211518, at *1 (W.D. La. Mar. 30, 2011)

Forlanders have not asserted any allegations that they had issued a demand to Hanover or were otherwise gearing up to litigate insurance coverage issues in the State Court Action.  Clearly, there is no basis to allege that Hanover was in the midst of a rush to the courthouse.  In fact, Hanover waited patiently for over two years, allowing discovery to progress fully before initiating the instant Declaratory Judgment Action in federal court—the traditional venue for actions involving diverse parties, as the parties are here.

As explained by the United States Fifth Circuit Court of Appeals in *Ironshore Specialty Ins. Co. v. Tractor Supply Co.,* an insurer should be permitted to maintain declaratory judgment in federal court, except where the insurer pursues the federal court litigation for nefarious purposes:

> One of the [Declaratory Judgment Act ("DJA")]'s purposes "is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires. The mere fact that a declaratory judgment action is brought in anticipation of other suits does not require dismissal...." *Sherwin–Williams,* 343 F.3d at 397 (citation omitted). *Sherwin–Williams* emphasized the similarities between this and the forum-selection factor. *See id.* at 398. Both speak to the fairness aspect of the *Brillhart/Trejo* inquiry— "whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." *Id.* at 391. Often, courts find that anticipatory suits weigh in favor of dismissal when the declaratory judgment plaintiff engaged in "procedural fencing." *Id.* at 397 & n. 7. For example, this Court has found improper procedural fencing where "the declaratory judgment plaintiff used the federal declaratory judgment statute and the defendant's inability to file an earlier state court suit for the sole purpose of controlling the state law that would apply." *Id.* at 397 (discussing *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 602 & n. 3 (5th Cir.1983)).[10]

In *Tractor Supply Co.,*[11] the Fifth Circuit reversed the district court's holding that the insurer was simply attempting "to foreclose a determination of the issues in the [previously filed] state court case", where the coverage determination clearly would not have foreclosed the state

---

[10] 624 F. App'x 159, 167 (5th Cir. 2015).
[11] 624 F. App'x 159, 167 (5th Cir. 2015).

court's determination as to the separate and distinct liability claim. *Id.*  There, as Hanover did here, the federal suit was filed after the state action commenced. And the Fifth Circuit concluded that, "to the extent the federal suit was filed in anticipation of a separate state determination of the scope of the insurance provisions, this is a permissible purpose under the [Declaratory Judgment Act]." *Id.*  Therefore, and as expressly acknowledged by the Forlanders in their Motion, "Hanover did not file this suit in anticipation of a lawsuit by Jenkins or the Forlanders."[12]  Accordingly, the second *Trejo* factor also does not weigh in favor of abstention.

### 3.  **Whether The Plaintiff Engaged In Forum Shopping**

Hanover was not engaged in improper forum shopping merely by availing itself of the Declaratory Judgment Act, 28 U.S.C. § 2201, to pursue a claim in federal court.  The purpose of the Declaratory Judgment Act is to allow potential defendants to resolve a dispute without waiting to be sued.[13]  As the United States Supreme Court has noted, a declaratory judgment action is appropriately filed where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[14]  Such was the case when Hanover filed the Declaratory Judgment Action; this Court has diversity jurisdiction to consider claims regarding issues which had not yet been raised in any other court (and still have not been raised in the State Court Action), and therefore Hanover's invocation of diversity jurisdiction was not impermissible forum selection.

---

[12] Rec. Doc. 10-1, PageID# 570.
[13] *Sherwin-Williams Co*, 343 F.3d at 397.
[14] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

In *AXA Re Property & Cas. Ins. Co. v. Day*, the Fifth Circuit recognized that a foreign insurer will naturally prefer to pursue a declaratory judgment action in federal court, as federal courts by nature are the location where diverse parties pursue legal claims:

> [T]he fact that federal forums are sought by some [plaintiffs] in an attempt to avoid the state court system, does not necessarily demonstrate impermissible forum selection when the declaratory out-of-state plaintiff invokes diversity. Rather it states the traditional justification for diversity jurisdiction, to protect out of state defendants.[15]

In *QBE Syndicate 1036 v. Compass Mins. Louisiana Inc.,*[16] as here, the defendants in the federal action subsequently asserted claims against the insurer in a state court action. However, because the declaratory judgment action raising the insurance issues was filed first, this Court denied the motion to dismiss, finding that the insurer's "reliance upon diversity jurisdiction as a means to obtain answers to the questions of its obligations [wa]s permissible."[17] Moreover, this Court opined that, before the declaratory judgment defendants "asserted claims [against the insurer] in state court, the likelihood of inconsistent decisions on the pertinent issues in state court was low because no other suit was pending;" and therefore, the "state court suit should not survive dismissal on the grounds of *res judicata* and/or *lis pendens*."[18]

Courts in the Fifth Circuit have identified two circumstances that may qualify as improper forum shopping: (1) filing a declaratory judgment action in a federal court that will apply different

---

[15] *AXA Re Property & Cas. Ins. Co. v. Day,,* 162 Fed. Appx. At 321, *quoting Sherwin-Williams Co. v. Holmes County,* 343 F.3d. 383, 399 (5th Cir. 2003). *See also, mary. Co. v. XMEX Transport, LLC,* 1 F.Supp.3d 516, 527 (W.D. Tex. 2014) (explaining that every lawsuit requires forum selection, and where insurer had not been named as a party to a pending state court suit, insurer's filing of a declaratory judgment action in a federal forum with jurisdiction to hear it was not improper anticipatory litigation); *Chick Kam Choo v. Exxon Corp.,* 764 F.2d 1148, 1152 ("The original central justification for diversity jurisdiction was grounded in the fear of prejudice against outsiders from other states, or in other words, the lack of confidence in the adequacy of state court justice.").

[16] No. 6:20-CV-00554, 2020 WL 9219076 (W.D. La. Nov. 13, 2020).

[17] *Id.* at *4.

[18] *Id.* at *5.

choice of law rules, and hence, different substantive law, than the state court; and (2) filing a federal declaratory judgment action when the declaratory judgment defendant is unable to bring a state court action of its own because it has not yet exhausted its state administrative remedies. *Canal Ins. Co. v. XMEX Transport, LLC,* 1 F.Supp.3d 516, 528 (W.D. Tex. 2014); *See also, Aries Marine Corp. v. Lolly,* 2006 WL 681184 at *3 (W.D. La. 2006) (explaining that an improper reason for bringing a declaratory judgment action would be choosing one forum over another where the difference in forum changes the law that applies to the case); AXA *Re Property & Cas. Ins. Co. v. Day,* 162 Fed. Appx. 316, 320-1 (5th Cir. 2006) ("[A] court is more likely to find a plaintiff engaged in impermissible forum shopping where the federal action would change the applicable law.").

Neither of the two circumstances identified by the Fifth Circuit are present here.  Here, Louisiana law will govern interpretation of the policy regardless of whether the coverage issues are decided in federal or state court.  Further, the Forlanders did not have to exhaust any state administrative remedies, and could have brought suit against Hanover when they initially filed suit against Jenkins.

In *Canal Ins. Co. v. XMEX Transport, LLC,* 1 F.Supp.3d 516 (W.D. Tex. 2014), the court found that the insurer did not engage in improper forum shopping because "there is no evidence that [the insurer] brought the case in search of more favorable law," and "there is no evidence that any of the defendants were temporarily restricted from filing state court actions against [the insurer]."[19]  Instead, the insurer "filed the case in accordance with the purpose of declaratory judgment actions, which is to resolve outstanding controversies without forcing a putative defendant to wait and see if it will be subjected to suit."  *Id.* (citation omitted); *See also, Sherwin-Williams Company v. Holmes County,* 343 F.3d 383, 399 (5th Cir. 2003) (finding declaratory

---

[19] *Id.* at 528.

judgment action did not amount to improper forum shopping where "[t]he selection of the federal forum in this case did not change the law that would apply" and "there was no evidence that the declaratory judgment defendants had been restricted from filing state court actions"); *Massachusetts Bay Ins. Co. v. Usie,* 2018 WL 1834368 at *5 (W.D. La. 3/26/18) (finding no impermissible forum shopping because "Louisiana law will govern interpretation of the Policy regardless of whether the coverage issues are decided in federal or state court" and the tort victim "did not have to exhaust any state administrative remedies").

Moreover, federal courts in this Circuit have routinely exercised diversity jurisdiction over declaratory judgment actions filed by an out-of-state insurer against its local policyholder and a local claimant. *See, First Specialty Ins. Co. v. Arkel Sugar, Inc., et al.,* 2008 WL 762079 (W.D. La. 2008) (exercising diversity jurisdiction over declaratory judgment action filed by out-of-state insurer against Louisiana policyholder and Louisiana claimant); *Indian Harbor Ins. Co. v. Bestcomp, Inc., et al.,* 2011 WL 13213611 (E.D. La. 2011) (court had jurisdiction over declaratory judgment action because diversity of citizenship existed between plaintiff, a foreign insurer, and defendants, policyholder and claimant, both citizens of Louisiana); *Continental Cas. Co. v. Smith, et al.,* 243 F.Supp.2d 576 (E.D. La. 2003) (exercising diversity jurisdiction over foreign insurer's declaratory judgment action against policyholder and claimant, both Louisiana citizens); *Massachusetts Bay Ins. Co. v. Usie,* 2018 WL 1834368 at *3 (W.D. La. 3/26/18) (complete diversity existed where the declaratory judgment plaintiff was a foreign insurer and the policyholder and claimant defendants were both Louisiana residents, rejecting argument that parties were not truly diverse because the real controversy was between the policyholder and the claimant). Such suits by foreign insurers are in accord with "the traditional justification for

12

diversity jurisdiction, to protect out of state [litigants]." *AXA Re Property & Cas. Ins. Co. v. Day,* 162 Fed. Appx. 316, 321 (5th Cir. 2006).

Based on the foregoing, there is no evidence of improper forum shopping, and this factor weighs in favor of retaining jurisdiction.  In fact, to the extent forum shopping occurred, that claim rests solely against the Forlanders, who amended the State Court Action to add Hanover as a defendant only after Hanover instituted the Declaratory Judgment Action.

### 4.   Whether Inequities Result in Allowing Declaratory Plaintiff To Gain Precedence In Time

The fourth factor analyzes whether Hanover has gained some sort of inequitable advantage by filing in federal court, such as application of the law of another state, such as obtain a more favorable applicable law.  *See, Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599 (5th Cir. 1983) (finding that declaratory judgment plaintiff had inequitably gained precedence in time by filing a suit in Texas where a related proceeding existed in California and the law of California and Texas differed).

In *QBE Specialty Ins. Co. v. Commcare Louisiana,* 2011 WL 1496032 at *3 (W.D. La. 2011), the court found the fourth factor did *not* weigh in favor of abstention where "nothing is before the Court that indicates that [the insurer] filed the federal declaratory action to obtain more favorable applicable law."  *See also, Massachusetts Bay Ins. Co. v. Usie,* 2018 WL 1834368 at *6 (W.D. La. 3/26/18) (finding insurer had not gained any unfair advantage by filing declaratory judgment action in federal court because "Louisiana law will govern regardless of whether the question of coverage for [the tort victim's] claims against [the insured] is litigated in this forum or state court.")

Hanover is unable to discern any way in which it has gained inequitably advantage. Louisiana law will govern regardless of whether the question of insurance coverage for the

Forlanders' claims against Jenkins is litigated in this forum or state court, and Hanover has not gained any unfair advantage by filing suit in this forum.  Moreover, Hanover is not seeking to win a race to the courthouse. Rather, for two years, the Forlanders made a tactical decision not to pursue insurance coverage in the State Court Action. Only now, two months after the filing of the Declaratory Judgment Action did the Forlanders gain an interest in inserting insurance claims into the State Court Action. Not only does this fourth factor also not weigh in favor of abstention, but rather, it instead suggests that this Court should maintain the Declaratory Action to dissuade similar litigants from instituting similar state court coverage actions after an insurer brings a federal court declaratory judgment action.

## 5.  **Whether The Federal Court Is a Convenient Forum**

Hanover submits that this Court presents an even more convenient forum for the Forlanders than the State Court Action in Baton Rouge, Louisiana, as the Forlanders' home is located in Lafayette, Louisiana. Therefore, this factor weighs in favor of this Court's jurisdiction. *See*, *Hudson Specialty Ins. Co. v. King Investments of Louisiana, Inc.,* 2014 WL 108402 at *4 (E.D. La. 2014) ("There is no suggestion that the federal forum in this case is not equally convenient to the parties and witnesses.").

Additionally, Hanover anticipates that the coverage issues can be resolved by summary judgment without the necessity for witness travel, as the necessary evidence should already be available in the form of the Petition for Damages, as well as the deposition testimony, discovery responses and expert reports that the Forlanders and Jenkins have already obtained in the State Court Action.  *See, Federal Insurance Co. v. Southwest Materials, Inc.,* 2003 WL 21634945 at *4 (E.D. La. 2003) (explaining that federal court was not an inconvenient forum to litigate the insurance coverage issues, even where insured did not reside in the district, because the suit could

be resolved based upon the pleadings and documents submitted to the court, and no trial requiring the attendance of out-of-town parties would be necessary); *Massachusetts Bay Ins. Co. v. Usie,* 2018 WL 1834368 at *6 (W.D. La. 3/26/18) (finding federal and state court were equally convenient forums where the courthouses were only twenty miles apart and coverage issues could likely be resolved in the context of cross-motions for summary judgment without the need for witness travel).  This factor also weighs in favor of retaining jurisdiction.

### 6.   **Whether Retaining the Lawsuit in Federal Court Would Serve the Purposes of Judicial Economy**

"In cases where judicial economy is not an issue, a district court's decision to forego the exercise of its jurisdiction is an abuse of discretion."[20] Furthermore, in *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc*, the United States Fifth Circuit Court of Appeal reversed the Middle District of Louisiana's dismissal of the insurer's declaratory judgment action, reasoning that the district court abused its discretion where the state court action had "action proceeded no further than the pleading stage by the time the federal district court dismissed th[e] case."[21] Here, clearly the same is true of the Forlanders' State Court Action, as the insurance coverage issues have only just been raised in the Forlanders' Amended Petition.

Notwithstanding how long the State Court Action has been pending, the State Court Action has never, to date, sought to address or decide all the insurance coverage issues presented in Hanover's Declaratory Judgment Action. In fact, Hanover's duty to defend Jenkins is not before the state court; therefore, the duty to defend issue necessarily must remain before this Court.  It

---

[20] *Celestine v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 115 F. App'x 658, 660 (5th Cir. 2004), citing *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc*., 149 F.3d 371, 372 (5th Cir.1998).
[21] 996 F.2d 774, 777 (5th Cir. 1993).

would be the antithesis of judicial efficacy for this Court to hear the duty to defend issues, but then abstain from hearing insurance coverage issues pertaining to indemnity for the Forlanders' claim. Thus, judicial efficiency dictates that all insurance coverage issues be resolved in this Court, the only forum where all insurance coverage issues are pending.

Additionally, in *Nautilus Ins. Co. v. Curtis Indus. Painting Co.,* 1998 WL 199372 (E.D. La. 1998), the court found that retaining jurisdiction over a declaratory judgment action to resolve the insurance coverage issues, despite the fact that personal injury claims were pending in state court, would serve the purposes of judicial economy, and explained:

> The Court finds that it is in the parties' best interests to have this coverage dispute resolved sooner rather than later. As many courts have acknowledged, '[t]he respective interests and obligations of insured and insurers, when disputed, require[s] determination much in advance of judgment [against the insured] since they will designate the bearer of ultimate liability in the underlying cases and hence the bearer of the onus and risks of settlement…. To delay [resolution of the coverage controversy] would prevent the litigants from shaping a settlement strategy and thereby avoiding unnecessary costs.' Thus, concerns for judicial economy militate against the dismissal of [the insurer's] declaratory judgment action.

*Id.* at *3, citing *Nautilus Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d 371, 376 (4th Cir. 1994) (quoting *ACandS, Inc. v. Aetna Cas. & Sur. Co.,* 666 F.2d 819, 823 (3rd Cir. 1981)). *See also, Massachusetts Bay Ins. Co. v. Usie,* 2018 WL 1834368 at *6 (W.D. La. 3/26/18) ("[M]aintaining the declaratory judgment action will provide the most expedient resolution regarding the coverage issue.").

Moreover, as further discussed *supra*, the Forlanders do not have a valid right of action against Hanover under the Louisiana Direct Action Statute. Therefore, the Forlanders' claims against Hanover in the State Court Action are due to be dismissed. As such, retention of jurisdiction

by this Court does not threaten judicial economy, and this factor also does not weigh in favor of abstention.

**7. Whether The Federal Court Is Being Called on To Construe a State Judicial Decree Involving The Same Parties And Entered By the Court Before Which The Parallel Proceeding Is Pending**

Hanover is not calling upon this Court to construe a state judicial decree involving the same parties in a parallel action. As such, this factor does not weigh in favor of abstention.

<u>CONCLUSION</u>

In summary, Hanover's Declaratory Judgment Action is properly before this Court based upon diversity jurisdiction. All of the *Trejo* factors weigh in favor of maintaining this Declaratory Judgment Action. Moreover, this Declaratory Judgment Action is the most judicially efficient and expedient means of determining the duties of defense and indemnity under the Policies. For these reasons, Hanover respectfully requests that its Complaint for Declaratory Judgment be maintained, and that the Forlanders' Motion to Dismiss pursuant to Rule 12(b)(1), including their request to stay these proceedings, be denied.

Respectfully Submitted:

*/s/Abigail F. Gerrity*
**Kristopher T. Wilson, Bar #23978 (T.A.)**
**Abigail F. Gerrity, Bar #35777**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990/Facsimile: 504-310-9195
Email: kwilson@lawla.com
agerrity@lawla.com
**Attorneys for The Hanover American Insurance Company**

17