## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | | |
|---|---|---|
| **THE HANOVER AMERICAN INSURANCE COMPANY,** | * * | **CIVIL ACTION NO.: 6:21-cv-01610** |
| Plaintiff, | * | |
| vs. | * | |
| | * | **JUDGE: ROBERT R. SUMMERHAYS** |
| **EDUARDO JENKINS LANDSCAPE ARCHITECT & PLANNER, LLC, EDUARDO JENKINS, WILLIAM THOMAS FORLANDER, JO ANN FORLANDER** | * * * * * | **MAGISTRATE JUDGE: CAROLD B. WHITEHURST** |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### HANOVER'S OPPOSITION TO EDUARDO JENKINS AND EDUARDO JENKINS LANDSCAPE ARCHITECT & PLANNER, LLC'S MEMORANDUM IN SUPPORT OF CO-DEFENDANT'S FED. R. CIV. P. 12(B)(1) MOTION TO DISMISS

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, The Hanover American Insurance Company ("Hanover"), and, in an abundance of caution, files this Opposition to Eduardo Jenkins and Eduardo Jenkins Landscape Architect & Planner, LLC's (collectively "Jenkins") Memorandum in Support of Co-Defendant's Fed. R. Civ. P. 12(B)(1) Motion to Dismiss (Rec. Doc. 18).

### I. Procedural History

In May of 2019, Thomas and Jo Ann Forlander (the "Forlanders") sued Eduardo Jenkins Landscape Architect & Planner, LLC and Eduardo Jenkins individually (collectively "Jenkins") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge (the "State Court Action."), alleging that the Forlanders sustained damages when Jenkins failed to properly perform under a landscaping contract entered between the Forlanders and Jenkins. Hanover denies that

1

the insurance policy it issued to Eduardo Jenkins Landscape Architect & Planner, LLC provides coverage for the Forlanders' claims against Jenkins in the State Court Action, but nevertheless is providing a defense to Jenkins under a reservation of rights.

On June 11, 2021, **more than two years after** the State Court Action's commencement, Hanover[1] filed the instant Declaratory Judgment Action against the Forlanders and Jenkins, seeking a judgment declaring that it has no duty to provide coverage, and no duty to defend or indemnify Jenkins under the Policies with respect to the Forlanders' claims asserted against Jenkins in the State Court Action.  Then, on August 24, 2021, the Forlanders filed a Motion to Dismiss in the Declaratory Judgment Action, as well as an Amended Petition in the State Court Action, purportedly asserting claims against Hanover pursuant to the Louisiana Direct Action Statute. Hanover timely filed an Opposition (Rec. Doc. 16) to the Forlanders' Motion to Dismiss on September 28, 2021, in the Declaratory Judgment Action, and simultaneously filed an Exception of No Right of Action in the State Court Action.

On October 5, 2021, the Honorable Magistrate Judge Carol B. Whitehurst issued a Memorandum Order (Rec. Doc. 17) issuing a stay of this Declaratory Judgment Action pending the state court's ruling on Hanover's Peremptory Exception of No Right of Action, and further ordering that: (1) Hanover file a supplemental opposition to the Forlanders' Motion to Dismiss within seven (7) days of the state court's ruling, advising the Court of the state court's ruling and attaching a copy thereof; and (2) the Forlanders be allowed seven (7) days from the date of Hanover's supplemental opposition to file a reply. The Order did not provide Jenkins with any right to file any pleadings while the matter is stayed.

---

[1] Hanover issued business owners insurance policies to defendant, Eduardo Jenkins Landscape Architect & Planner, LLC, identified as the named insured, and bearing Policy No. OZO-D328948-00 with a policy period of July 30, 2017 to July 30, 2018, and Policy No. OZO-D328948-01 with a policy period of July 30, 2018 to July 30, 2019 (collectively the "Policies").

2

On October 7, 2021, Jenkins disregarded this Court's stay order and filed its Memorandum in Support of Co-Defendant's Fed. R. Civ. P. 12(B)(1) Motion to Dismiss (Rec. Doc. 18), for purposes of "join[ing]" the Forlanders' Motion to Dismiss; Jenkins did not seek leave of court to file that pleading. Jenkins' Motion to Dismiss acknowledges this Court's Order staying this matter, and nevertheless asserts that it "adopt[s] the arguments made on behalf of the Forlanders as reasons for granting" its request for dismissal of Hanover's Declaratory Judgment Action. Jenkins' Memorandum additionally asserts that it would "also be filing subsequent pleadings in the state court thereby making claims against Hanover therein regarding insurance coverage and defense obligations, along with ancillary claims against Hanover," and that "[u]pon filing of th[o]se claims in the state court proceeding, Jenkins will supplement the record of these proceedings with copies of same." To date, upon information and belief, Jenkins has not filed or served Hanover with any pleadings asserting claims against it in the State Court Action.

**II.     Argument**

For the reasons more thoroughly stated *infra,* this Honorable Court should strike and/or deny Jenkins' request for relief asserted in Rec. Doc. 18 because the filing is procedurally improper, Jenkins has not asserted any claims against Hanover in the State Court Action, and Jenkins has no grounds for asserting a breach of any duty to defend at this time. Nevertheless, to the extent this Honorable Court is inclined to consider any or all the arguments asserted in Jenkins' Memorandum, Hanover hereby adopts, re-asserts, re-urges, and pleads herein, as if copied *in extenso,* all arguments which it previously asserted in Rec. Doc. 16, its Opposition to the Forlanders' Motion to Dismiss.

### A. Jenkins' Memorandum is Procedurally Improper.

When a court issues an order staying the proceedings, a party should first request that the stay order be vacated in order to be granted other relief. See *Bulk Trading S.A. v. Capex Eur. S.A.M.,* No. CIV.A.10-297, 2011 WL 1088762 (E.D. La. Mar. 22, 2011). Furthermore, a motion to lift a stay order should be denied when the terms and conditions set forth in the stay order have not been met. *Bulk Trading S.A..,* 2011 WL 1088762, at *1, 3 (denying the motion to lift the stay order pending the outcome of arbitration, where neither of the two conditions provided by the stay order were met).

Here, Judge Whitehurst's October 5, 2021, Order stayed the Declaratory Judgment Action, and provided a list of permissible filings while the Order remains in places: (1) Hanover's supplemental opposition to the Forlanders' Motion to Dismiss within seven (7) days of the state court's ruling, advising the Court of the state court's ruling and attaching a copy thereof; and (2) the Forlanders' Reply thereto, which they may file within seven (7) days of Hanover's supplemental opposition. Rec. Doc. 17. Absent an order vacating the stay, all other requests for relief in the Declaratory Judgment Action prior to the state court's ruling on Hanover's Exception of No Right of Action are in violation of the Court's Stay Order.

Jenkins' Memorandum is additionally procedurally improper because it does not follow any Motion filed on Jenkins' behalf. And, to the extent Jenkins asserts that its Memorandum is a supplemental memorandum in support of the Forlanders' Motion to Dismiss and Memorandum in Support thereof, Jenkins' Memorandum violates Local Rule 7.4, as Jenkins failed to obtain the requisite leave of court before filing same.[2]

---

[2] Local Rule 7.4 provides in pertinent part that "[m]emoranda may not be supplemented except with leave of court first obtained."

## B. Jenkins has not Filed Claims Against Hanover in the State Court Action, and has no Basis for Asserting a Claim for Defense Against Hanover.

As noted above, Jenkins' Memorandum alleges that Jenkins intends to file pleadings in the State Court Action asserting claims against Hanover, including a claim for "defense obligations." Rec. Doc. 18. However, upon information and belief, Jenkins has not filed or served Hanover with any pleadings asserting any claims against it in the State Court Action to date. Additionally, as the parties do not dispute that Hanover is presently providing Jenkins with a defense in the State Court Action pursuant to a reservation of rights,[3] Hanover has not breached any duty to defend Jenkins. Therefore, Jenkins has no viable claim against Hanover for the breach of any alleged duty to defend Jenkins.

## III. Conclusion

For the foregoing reasons, Hanover respectfully requests that its Complaint for Declaratory Judgment be maintained, and that any and all relief requested by Jenkins in its Memorandum in Support of Co-Defendant's Fed. R. Civ. P. 12(B)(1) Motion to Dismiss (Rec. Doc. 18) be denied.

Respectfully Submitted:

*/s/ Abigail F. Gerrity*
**Kristopher T. Wilson, Bar #23978 (T.A.)**
**Abigail F. Gerrity, Bar #35777**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990/Facsimile: 504-310-9195
Email: kwilson@lawla.com
    agerrity@lawla.com
**Attorneys for The Hanover American Insurance Company**

---

[3] See Rec. Doc. 10-1, pp. 1-2 ("Hanover has been providing a defense for Jenkins in the state action since 2019)".

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October, 2021, a copy of this pleading has been served upon all counsel to this action by facsimile or by depositing same in the United States mail, properly addressed and first class postage prepaid.

*/s/ Abigail F. Gerrity*_____